Argued May 14, modified June 17, 1924.

## AUGUST WEMME ET AL. v. FIRST CHURCH OF CHRIST, SCIENTIST, ET AL.

(227 Pac. 277.)

**Charities—Facts Held to Justify Allowance of $15,000 as Attorneys' Fees.**

Where, but for active labors of attorneys, principal object of a charitable trust would have been disregarded, and resources of decedent's estate, amounting to between $400,000 and $500,000, were restored to original trust largely through their efforts, *held*, that attorneys were entitled to fee of $15,000 and $1,000 for expenses necessarily incurred.

From Multnomah: HARRY H. BELT, Judge.

In Banc.

In the matter of the allowance of attorney's fees and expenses.

*Mr. Thomas Mannix* and *Mr. Dan E. Powers*, appellants, *in pro. per.*

No appearance *contra*.

PER CURIAM.—This is an appeal from an order of the Circuit Court fixing the fees of the attorneys for the plaintiffs.

While this case was originally begun by plaintiffs in their own behalf, the attorneys, upon further investigation, caused the state to be brought in as a party, and in this court the principal contention resolved itself into an effort on the part of plaintiffs to compel the execution of the trust, so far as it related to the White Shield Home of Portland, Oregon, and in this and to this end the briefs of plaintiffs' attorneys, as well as those of the state, were directed.

It is clear that but for the active labors of the attorneys for the plaintiffs, Messrs. Mannix and Powers, the original and principal object of the trust would have been disregarded, and the moneys which the decedent intended principally to devote to the institution which he attempted to found would have been dissipated in other activities.   The fact that the resources of the estate have been restored to the original trust, so that they will be devoted to the end which the deceased so earnestly desired in his will, is largely, if not entirely, owing to the labors of plaintiffs' attorneys, and, as indicated in our former opinion, they should be reasonably compensated.   They should also be compensated for such expenses as they incurred in bringing about this end.   Expenses incurred in behalf of the original plaintiffs are disregarded here.   The estate is large, amounting somewhere, perhaps, at this time, to between $400,000 and $500,000 in value.   Were this a mere contest between individuals, we would be inclined to fix the compensation at a very much larger figure than we will under the present circumstances.   This being a charitable trust, we think that the sum of $15,000 should be awarded the attorneys for their services, and, as compensation for expenses necessarily incurred in bringing about the result arrived at, we allow the sum of $1,000, and a decree will be so entered here.

It having been stipulated in the court below that a separate allowance should be made to each attorney, it is therefore ordered that Mr. Mannix and Mr. Powers each be paid the sum of $7,500, and $500 each as expenses.                                    MODIFIED.

BURNETT and COSHOW, JJ., not sitting.